FRANKLIN HAND, as SUPERVISOR OF THE TOWN OF NEW LEBANON, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF COLUMBIA COUNTY AND CHARLES W. HINSDALE, APPELLANTS.

*Taxes — duty of the county treasurer to apply a portion of the town taxes collected from railroad property to the redemption of bonds issued to aid it — how the duty may be enforced — 1870, chap. 789, sec. 4, as amended by chap. 283 of 1871 — Appeal — it lies from an order overruling a demurrer — Code of Civil Procedure, sec. 1349.*

Section 4 of chapter 789 of 1870, as amended by chapter 283 of 1871, provides that "*all taxes,* except school and road taxes," or so much thereof as may be necessary, which shall be collected for the next thirty years on the assessed valuation of any railroad in a town which has issued bonds to aid in its construction, "shall be paid over to the treasurer of the county;" and that it shall be the duty of the treasurer, "with the money arising from taxes levied and collected as aforesaid, which has heretofore been or shall hereafter be paid to him," to purchase the bonds so issued by the town, or to invest such money if the bonds could not be purchased at or below their par value.

In this action, brought by the supervisor of a town against the board of supervisors and the county treasurer to compel them to comply with the requirements of the said law, the complaint alleged, among other things, that "*of the taxes* levied by the board of supervisors of said county, in the years of 1869, 1870 and 1871, on the assessed valuation of said railroad in said town, and collected in said town by virtue of such levy," there was paid over to the county treasurer, exclusive of school and road taxes, certain definite sums, specifying them, in each year, and that the said sums had not been invested as required by the act, but had been used for the general purposes of the county:

*Held,* that the complaint was sufficient; that it was not necessary that it should explicitly aver that "all" the taxes collected had been paid over to the county treasurer.

That the presumption was that the public officers had duly assessed, collected and paid over all the taxes as required by law; and that, even if this were not so, it was the duty of the county treasurer to apply such moneys as he actually received to the purposes specified in the act.

An appeal lies to the General Term, under section 1349 of the Code of Civil Procedure, from an order overruling a demurrer interposed to the complaint.

APPEAL from a final judgment, and from an interlocutory judgment entered upon an order overruling a demurrer interposed to the complaint and from the said order.

The ground of the demurrer was : "That the complaint does not state facts sufficient to constitute a cause of action."

The action was brought in behalf of the town of New Lebanon

to compel a compliance on the part of the county with section 4 of chapter 789 of the Laws of 1870, as amended by chapter 283 of the Laws of 1871, in regard to the purchase of certain bonds of the said town and providing for their redemption.

The law provides first, that "all taxes, except school and road taxes, collected for the next thirty years, or so much thereof as may be necessary, in any town, village or city, on the assessed valuation of any railroad in said town, etc., for which said town * * * has issued * * * bonds to aid in the construction of said railroad, shall be paid over to the treasurer of the county," and that "it shall be the duty of said treasurer, with the money arising from taxes levied and collected as aforesaid, which has heretofore been or shall hereafter be paid to him (including the interest thereon), to purchase the bonds of said town, issued by said town, to aid in the construction of any railroad or railroads, when the same can be purchased at or below par;" or *to invest said money so paid to him as above mentioned for the redemption of said bonds.*

The complaint does not allege that "all taxes except school and road taxes collected" in said town for any year on the assessed valuation of said railroad have been paid over or tendered to the treasurer of the county, but "that of the taxes levied by the board of supervisors of said county in the years 1869, 1870 and 1871, on the assessed valuation of said railroad in said town, and collected in said town, by virtue of such levy, there was, after the 18th day of May, 1869, paid to said Clark (the predecessor of the defendant Hinsdale), as county treasurer of said county, exclusive of school and road taxes, as follows : of such taxes so levied and collected in the year 1869, the sum of $434.69 ; in the year 1870, the sum of $685.16," etc., and that such amount has been used by the county for county purposes.

*Cadman & Hoysradt*, for the appellants.

*Andrews & Edwards* and *J. Rider Cady*, for the respondent.

POTTER, J.:

This is an appeal from an interlocutory order overruling the defendants' demurrer to the complaint herein, and allowing defendants to answer, upon payment of costs, within twenty days.

No answer was served, and after the expiration of the time, the

plaintiff entered a judgment against the defendant, pursuant to said interlocutory order. The defendant also appeals to the General Term from the final judgment.

A point is made that the interlocutory order is not appealable. We are not inclined to take that view. Section 1349, Code of Civil Procedure, and the decisions under it, would seem to authorize an appeal from an interlocutory order overruling or sustaining a demurrer, where leave to amend was given, and especially where the appeal from the interlocutory order was taken, before any judgment is actually entered. (See cases cited under the above section, Bliss Code.) Hence the decision upon the appeal from the interlocutory order must be determined by the decision upon the appeal from the final judgment.

Upon the appeal from the final judgment, the appellants raise but one question, and that is substantially this, whether the plaintiff can maintain this action without alleging that the town has paid to the county treasurer, at least for some years, " all taxes collected " of the said railroad in the said town.

The complaint or cause of action is based upon the statute of 1871. (9 Edm. Stat., chap. 283, p. 74.)

That act provides in substance that all taxes except road and school taxes, assessed and collected of railroads, in a town, city or village, bonded in aid of any railroad therein, shall be paid over to the county treasurer of the county in which said town, city, or village is located.

The county treasurer is required, with the money arising from taxes levied and collected as aforesaid, to purchase the bonds issued by said town, etc., on certain terms, if practicable; if not, the said treasurer is required to invest said money, with the accumulated interest thereon, in specified securities; and any bonds so purchased shall constitute a sinking fund for the redemption and payment of the bonds issued by the town in aid of the railroad.

The complaint alleges that the moneys arising from the assessment and levy of the tax upon railroads in said town, except the road and school taxes, for certain specified years have been paid to one Clark, who was county treasurer for those years, and for certain subsequent specified years, while defendant Hinsdale was county treasurer, to said Hinsdale. That the moneys so paid to each of

them were not used or applied by either Clark or Hinsdale, as required by statute, but have been paid over to and been used by the county for its own purposes, etc.

Now there is nothing appearing upon the face of the complaint to show that the sums of money specified in the complaint are not all the moneys assessed and collected of railroads for those years.

We apprehend the presumption would be that the public officers had duly assessed and collected the taxes, and paid all moneys so assessed and collected to the county treasurer, as required by law, and if so, upon this demurrer, the presumption has the same force as the fact. But if there was no such presumption, and it was a fact that only a part of the moneys assessed and collected of the railroad had been paid over to the county treasurer, that should not change the duty imposed by the statute, nor excuse the county treasurer from using and applying so much of such money as he receives, to the objects specified in the statute, nor does it confer any right upon the county to use said money for its purpose. The moneys raised in this manner, and from this source, are set apart by this law for a certain purpose, and cannot be devoted to any other without a violation of the statute, whether it be attempted by the treasurer or by the supervisors of a county. (*Bridges* v. *Board of Supervisors of Sullivan County*, 92 N. Y., 570.)

The cases cited by the defendant seem to me to have no application to the principle involved in this statute. There are no contracting parties in regard to these taxes. The taxpayers of the town have made no contract with the county treasurer to do a certain thing, or to pay him all of certain moneys, and he has made no contract with them that in consideration of their doing so, he will use and apply these moneys, or invest them in a certain manner; they stand in no contract relation.

We think the judgment should be affirmed, with costs.

Present — LEARNED, P. J.; BOARDMAN and POTTER, JJ.

Judgment affirmed, with costs.